# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned September 14, 2012

## IN RE: CONSERVATORSHIP OF JOHN DANIEL TATE

**Appeal from the Circuit Court for Davidson County**
**No. 07P1654      David Randall Kennedy, Judge**

---

**No. M2012-01918-COA-10B-CV - Filed: September 17, 2012**

---

This is an interlocutory appeal as of right from the trial court's denial of a motion for recusal. Having reviewed the appellant's petition for recusal appeal pursuant to the de novo standard as required under Rule 10B, §2.06, we affirm the trial court's decision to deny the petitioner's motion for recusal.

**Tenn. R. App. P. 3 Appeal as of Right/Tenn. Sup. Ct. R. 10B;**
**Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

John Daniel Tate, Franklin, Kentucky, Pro Se.

Paul Toby Housch, Nashville, Tennessee, for the appellee, David E. Tate.

## OPINION

This appeal arises out of a conservatorship that was terminated by the trial court in 2010. The conservator and a judgment creditor subsequently moved the trial court to sell certain real property owned by the former ward, John Daniel Tate, in order to satisfy their judgment liens. On July 18, 2012, Mr. Tate filed a verified motion for recusal of the trial judge. The trial court heard both the motion to sell and the motion for recusal on August 10, 2012, and made rulings from the bench. The trial court entered an order for the sale of the property on the same date. On August 24, 2012, the trial court entered an order denying the motion for recusal. The August 24, 2012 order incorporated the transcript of the trial court's

August 10, 2012 ruling from the bench setting forth the grounds for the court's decision.[1] On September 11, 2012, Mr. Tate filed this petition for recusal appeal, a process created by Tenn. Sup. Ct. R. 10B § 2.02.[2] Mr. Tate has also filed a motion for an emergency stay of the sale and a motion to proceed as a poor person.

Appeals from orders denying motions to recuse are governed by Tenn. Sup. Ct. R. 10B. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is effected by filing a "petition for recusal appeal" with the appropriate appellate court.[3] Tenn. Sup. Ct. R. 10B, § 2.02. If this court, based on the petition and supporting documents, determines that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court may order an answer and may also order further briefing by the parties. In addition, Tenn. Sup. Ct. R. 10B, § 2.06 grants this court the discretion to decide the appeal without oral argument.

Having reviewed the petition and supporting documents, we have determined that an answer, additional briefing and oral argument are unnecessary, and have elected to act summarily on the appeal in accordance with Tenn. Sup. Ct. R. 10B, §§ 2.05 and 2.06.

### ISSUES

Mr. Tate raises four issues in his petition for recusal review:

1)      Did the trial court err in denying the verified motion for recusal;

2)      Did the trial court err in not acting on the motion for recusal promptly by written order and by not stating in writing the reasons for the denial as required by Tenn. Sup. Ct. R. 10B;

3)      Did the trial court err in entering further orders before deciding the motion for recusal without stating good cause in violation of Tenn. Sup. Ct. R. 10B § 1.02;

---

[1]A copy of the transcript was not included with the petition.

[2]The petition was sent by certified mail on September 10, 2012, and is thus considered timely pursuant to Tenn. R. App. P. 20(a).

[3]In civil cases other than worker's compensation cases, this court is the appropriate appellate court.

4)    Did the trial court ever have subject matter over this case.

The only issues this court may consider in an appeal under Tenn. Sup. Ct. R. 10B concern whether the trial court erred in denying the motion for recusal. We cannot review the correctness of the trial court's other decisions regarding the merits of the case. Accordingly, the court will only address the claims related to recusal of the trial judge and will not address Mr. Tate's jurisdictional and other issues.

## STANDARD OF REVIEW

We review the trial court's denial of the motion for recusal under a de novo standard of review.[4]  Tenn. Sup. Ct. R. 10B, §2.06.

## ANALYSIS

### I.

The relevant portions of the Rules of Judicial Conduct provide:

(A)  A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or party's lawyer, or personal knowledge of facts that are in dispute in the proceedings.

Tenn. Sup. Ct. R. 10, RJC 2.11.

In his motion for recusal, Mr. Tate asserts the trial judge should recuse himself because this matter has been "very contentious" since its inception, the trial court has continued to act despite unresolved jurisdictional issues and Mr. Tate is "firmly convicted . . . that he never has and never will have a fair tribunal" before the trial judge.  Mr. Tate believes that the trial judge is biased against him.  The majority of his arguments involve the trial judge's rulings on the merits.

---

[4]Prior to the adoption of Tenn. Sup. Ct. R. 10B, the appellate courts reviewed recusal decisions pursuant to the more deferential abuse of discretion standard. *State v. Hester*, 324 S.W.3d 1, 73 (Tenn. 2010).

The terms "bias" and "prejudice" generally refer to a state of mind or attitude that works to predispose a judge for or against a party; however, "not every bias, partiality, or prejudice merits recusal." *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994). To merit disqualification of a trial judge, 'prejudice must be of a personal character, directed at the litigant, "must stem from an extrajudicial source and result in an opinion on the merits on some basis othis than what the judge learned from . . . participation in the case.'" *Id.* (citations omitted). However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge." *Id.* (citations omitted).

A trial judge's adverse rulings are not usually sufficient to establish bias. *State v. Cannon*, 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Alley*, 882 S.W.2d at 821. The reason for this proposition has been explained by our Supreme Court as follows:

> [T]he mere fact that a judge has ruled adversely to a party or witness . . . is not grounds for recusal. Given the adversarial nature of litigation, trial judges necessarily assess the credibility of those who testify before them, whether in person or by some other means. Thus, the mere fact that a witness takes offense at the court's assessment of the witness cannot serve as a valid basis for a motion to recuse. If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

*Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 565 (Tenn. 2001).

Based on the filings before us, neither the contentiousness of the proceedings nor any of the trial court's rulings constitute "a reasonable basis for questioning the judge's impartiality." *State v. Hester*, 324 S.W.3d at 73.

Mr. Tate also contends the trial judge should recuse himself because Mr. Tate is the author of an internet blog advocating impeachment of the trial judge and because the trial judge is named as a defendant in a federal lawsuit filed by Mr. Tate. We decline to hold that a litigant can force the recusal of a trial judge merely by making public statements critical of the trial judge, whether in a blog or otherwise. Likewise, the filing of a lawsuit against the trial judge is normally insufficient to warrant recusal. *State v. Parton*, 817 S.W.2d 28, 29-30 (Tenn. Crim. App.1991). To hold otherwise would mean that a litigant could automatically disqualify a judge by the filing of a frivolous suit and would set a dangerous precedent inviting additional frivolous litigation, manipulation of the judicial system, and forum

shopping. *State v. Parsons*, W2010-02073-CCA-R3-CD, 2011 WL 6310456 *23 (Tenn. Crim. App. Dec. 15, 2011), perm. app. denied (May 23, 2012); *State v. Chouinard*, 03-C-01-9310-CR00340, 1994 WL 318984 *2 (Tenn. Crim. App. June 30, 1994).

Having reviewed the petition and record before us, we have concluded that Mr. Tate has failed to establish that the trial court has a personal bias or prejudice or that the trial court's impartiality may reasonably be questioned.

## II.

Mr. Tate next asserts that the trial court erred by not acting promptly on the motion for recusal and by not stating the reasons for the denial of the motion in writing as required by Tenn. Sup. Ct. R. 10B §1.03. The motion for recusal was filed on July 18, 2012, and heard on August 10, 2012. The order denying the motion was entered on August 24, 2012. Under the circumstances, we cannot say that the trial court failed to act promptly on the motion.

Moreover, the August 24, 2012, order specifically provides that the court's decision is "based upon the findings made by the court in open court and the authority and reasons stated by the court as reflected in the transcript of the court's ruling affixed hereto as Exhibit 'A' and which is incorporated herein by reference." The trial court's incorporation of a transcript of its authority and reasons announced in open court into the order satisfies the "in writing" requirement of Tenn. Sup. Ct. R. 10B §1.03.[5]

## III.

Finally, Mr. Tate asserts the trial court violated Tenn. Sup. Ct. R. 10B §1.02 by ruling on the motion to sell while the motion for recusal was pending. Tenn. Sup. Ct. R. 10B §1.02 provides that while the motion for recusal is pending "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." The trial court heard both the motion for recusal and motion to sell on the same date and ruled on both from the bench. However, the order on the motion to sell was entered several days before the order denying the motion for recusal. The better practice would have been to enter the order denying the motion for recusal before entering the order on the motion to sell. Under these specific circumstances, however, we cannot conclude that the trial court violated Tenn. Sup. Ct. R. 10B §1.03. In

---

[5] To the extent Mr. Tate asserts the findings in the transcript are insufficient to satisfy the requirements of Tenn. Sup. Ct. R. 10B §1.03, Mr. Tate has not provided the court with a copy of the transcript of the court's ruling and has thus waived the issue.

any event, the issue is moot in light of our decision affirming the denial of the motion for recusal.

IV.

Mr. Tate's remaining issues involve the trial court's jurisdiction or the merits of the case and are not subject to review in a Tenn. Sup. Ct. R. 10B appeal.

**IN CONCLUSION**

Having reviewed Mr. Tate's petition and supporting documents pursuant to the de novo standard as required by Tennessee Supreme Court Rule 10B, §2.06, we find no grounds to require recusal under the Rules of Judicial Conduct.

The trial court's decision to deny the motion for recusal is affirmed. The motion for a stay pending appeal is denied as moot. This case is remanded to the trial court for further proceedings consistent with this opinion. John Danial Tate is taxed with the costs for which execution, if necessary, may issue.

_____<br>ANDY D. BENNETT, JUDGE